**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**INTERDESIGN, INC.**
30725 Solon Industrial Parkway
Solon, OH 44139

Plaintiff,

v.

**BATHSENSE LLC,**
230 5th Avenue, Suite 1505
New York, NY 10001

Defendant.

Civil Action No.

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

InterDesign, Inc. ("InterDesign") hereby files this Complaint against Bathsense LLC ("Bathsense") as follows:

## NATURE OF THE ACTION

1. This action arises from Bathsense's infringement of InterDesign's United States Patent No. D773,816 ("the '816 Patent") (attached as Exhibit A) and United States Patent No. D815,470 ("the '470 Patent") (attached as Exhibit B) in violation of the United States Patent Act, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff InterDesign, Inc. is incorporated in the State of Ohio with its principal place of business located at 30725 Solon Industrial Parkway, Solon, Ohio 44139.

3. Upon information and belief, Defendant Bathsense LLC is incorporated in the State of Delaware, with a principal place of business at 230 5th Avenue, Suite 1505, New York, New York 10001 or 708 Third Avenue, 14th Floor, New York, New York 10017.

## JURISDICTION

4. This Court has original subject matter jurisdiction over the claims concerning patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. §§ 271 and 281.

5. This Court has personal jurisdiction over Bathsense because its principal place of business is in New York City, New York.

6. Venue is proper in this Court in accordance with 28 U.S.C. §§ 1391 and 1400(b). According to the records of New York State, Bathsense's principal place of business is at 708 Third Avenue, 14th Floor, New York, New York 10017. *See* Exhibit C. According to Bathsense's website, www.bathsensenyc.com, Bathsense has a regular and established place of business at 230 5th Avenue, Suite 1505, New York, New York 10001. *See* Exhibit D, website.

7. Upon information and belief, Bathsense solicits business in this District, sells products in this District including the infringing products, is engaged in business activities within this District, enters into contracts with customers located in this District, and derives substantial revenue from goods sold in this District. Bathsense can reasonably be expected to be brought into court here.

## BACKGROUND

8. Plaintiff InterDesign is a leading designer, producer and distributer of a wide variety of house-wares and home fashion products that are offered for sale in the retail market.

9. On December 13, 2016, United States Patent No. D773,816 entitled "Holder" ("the '816 Patent") was duly and legally issued to InterDesign as assignee. Since that date, InterDesign has been, and still is, the owner of all rights, title and interest in the '816 Patent, including the right to exclude Bathsense from making, using, selling, offering to sell, or

importing in this District and elsewhere into the United States the patented design(s) of the ‘816 Patent.

10. The ‘816 Patent covers an ornamental design for a holder. InterDesign has practiced the ‘816 Patent in connection with InterDesign’s product, as shown in the side-by-side comparison below:







<u>‘816 Patent</u> <u>InterDesign’s Acrylic Organizer</u>

11. On April 17, 2018, United States Patent No. D815,470 also entitled “Holder” (“the ‘470 Patent”) was duly and legally issued to InterDesign as assignee. Since that date, InterDesign has been, and still is, the owner of all rights, title and interest in the ‘470 Patent, including the right to exclude Bathsense from making, using, selling, offering to sell, or importing in this District and elsewhere into the United States the patented design(s) of the ‘470 Patent.

12. The ‘470 Patent covers an ornamental design for a holder. InterDesign has practiced the ‘470 Patent in connection with its decorative tower organizer, as shown in the side-by-side comparison below:




‘470 Patent



InterDesign’s Decorative Tower Organizer

**BATHSENSE’S INFRINGEMENT AND OTHER WRONGFUL CONDUCT**

***The ‘816 Patent***

13. In recognition of the commercial success of the designs of the ‘816 Patent and InterDesign’s product, Bathsense began manufacturing and selling its own “Acrylic Vanity Organizer” (Style #CT98C47; UPC 8-16121-01454-9).

14. Bathsense copied the design from the design of the ‘816 Patent and InterDesign’s acrylic organizer. Bathsense’s Acrylic Vanity Organizer is very similar to InterDesign’s acrylic vanity organizer. A side-by-side comparison of the ‘816 Patent, InterDesign’s organizer and a true and correct representative likeness of the Bathsense organizer is seen below:











'816 Patent — InterDesign's Acrylic Organizer — Bathsense's Acrylic Vanity Organizer

15. The design of Bathsense's Acrylic Vanity Organizer is the same or substantially the same as the design of the '816 Patent and InterDesign's acrylic organizer. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Bathsense's products believing them to be substantially the same as the design protected by the '816 Patent.

16. InterDesign has not granted a license or any other authorization to Bathsense to make, use, offer for sale, sell or import products that embody the design patented in the '816 Patent and which is proprietary to InterDesign, particularly in relation to its acrylic organizer product.

***The '470 Patent***

17. In recognition of the commercial success of the designs of the '470 Patent and InterDesign's decorative tower organizer, Bathsense began manufacturing and selling its own "Decorative Spa Tower" (SPA1001BSN, UPC 8 16121 01456 3).

18. Bathsense copied the tower design from the design of the '470 Patent and InterDesign's tower organizer product. Bathsense's Decorative Spa Tower is very similar to

InterDesign's decorative tower organizer. A side-by-side comparison of the '470 Patent, InterDesign's decorative tower organizer and the Bathsense Decorative Spa Tower is seen below:








'470 Patent InterDesign's Decorative Tower Organizer Bathsense Decorative Spa Tower

19. The design of the Bathsense Decorative Spa Tower is the same or substantially the same as the design of the '470 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Bathsense's products believing them to be substantially the same as the design protected by the '470 Patent.

20. InterDesign has not granted a license or any other authorization to Bathsense to make use, offer for sale, sell or import products that embody the design patented in the '470 Patent and which is proprietary to InterDesign, particularly in relation to its decorative tower organizer product.

**COUNT I - PATENT INFRINGEMENT (THE ‘816 PATENT)**

***35 U.S.C. § 271(a)***

21. InterDesign restates the allegations set forth in paragraphs 1-20 and incorporates them by reference.

22. InterDesign took affirmative actions to provide actual notice to Bathsense of its infringement of the ‘816 Patent, including, without limitation, by sending letters to Bathsense dated February 3, 2017 and July 18, 2018, and filing this Complaint. InterDesign received confirmation of delivery of its 2017 letter. As such, Bathsense has received actual notice of infringement and/or chosen to remain willfully blind.

23. In addition, InterDesign provided constructive notice of the ‘816 Patent at least as early as December 13, 2016 by complying with the marking provisions of 35 U.S.C. §287.

24. Bathsense has infringed the ‘816 Patent by making, importing, using, offering to sell, or selling in the United States, including within this District, products infringing the ornamental design covered by the ‘816 Patent in violation of 35 U.S.C. § 271, including but not limited to Bathsense’s Acrylic Vanity Organizer.

25. Bathsense has infringed the ‘816 Patent because, inter alia, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the ‘816 Patent and the designs of Bathsense’s products including, without limitation, the Acrylic Vanity Organizer are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

26. Bathsense’s acts of infringement of the ‘816 Patent were undertaken without authority, permission or license from InterDesign. Bathsense’s infringing activities violate 35 U.S.C. § 271.

27. Bathsense's infringement has damaged and injured InterDesign.

28. InterDesign is entitled to a complete accounting of all revenue and profits derived by Bathsense from the unlawful conduct alleged herein, including without limitation, Bathsense's total profit pursuant to 35 U.S.C. § 289.

29. Bathsense's infringement has been willful, egregious, and in conscious disregard of InterDesign's rights entitling InterDesign to a trebling of damages pursuant to 35 U.S.C. § 284.

30. Bathsense's infringing activities make this an exceptional case entitling InterDesign to the recovery of its reasonable attorneys' fees under 35 U.S.C. § 285 or other applicable law.

31. InterDesign is entitled to a permanent injunction preventing Bathsense from further infringing the '816 Patent.

**COUNT II - PATENT INFRINGEMENT (THE '470 PATENT)**

***35 U.S.C. § 271(a)***

32. InterDesign restates the allegations set forth in paragraphs 1-31 and incorporates them by reference.

33. InterDesign took affirmative actions to provide actual notice to Bathsense of its infringement of the '470 Patent by sending a letter dated July 18, 2018, and filing this Complaint. In addition, on September 26, 2016, InterDesign sent Bathsense a letter informing it that its Decorative Spa Tower was clearly a copy of the then patent-pending design claimed in the application that later resulted in the '470 Patent. InterDesign received confirmation of delivery of its 2016 letter. As such, Bathsense has received actual notice of infringement and/or chosen to remain willfully blind.

34. In addition, InterDesign provided constructive notice of the ‘470 Patent at least as early as April 17, 2018 by complying with the marking provisions of 35 U.S.C. §287.

35. Bathsense’s continued actions in spite of such notice and repeated infringing acts demonstrate a pattern of egregious misconduct beyond typical infringement.

36. Bathsense has infringed and continues to infringe the ‘470 Patent by making, importing, using, offering to sell, or selling in the United States, including in the State of New York and within this District, products infringing the ornamental design covered by the ‘470 Patent in violation of 35 U.S.C. § 271, including but not limited to Bathsense’s Decorative Spa Tower product.

37. Bathsense infringes the ‘470 Patent because, inter alia, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the ‘470 Patent and the designs of Bathsense’s products including, without limitation, the Decorative Spa Tower are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

38. Bathsense’s acts of infringement of the ‘470 Patent were undertaken without authority, permission or license from InterDesign. Bathsense’s infringing activities violate 35 U.S.C. § 271.

39. Bathsense’s infringement has damaged and continues to damage and injure InterDesign. The injury to InterDesign is irreparable and will continue unless and until Bathsense is enjoined from further infringement.

40. InterDesign is entitled to a complete accounting of all revenue and profits derived by Bathsense from the unlawful conduct alleged herein, including without limitation, Bathsense’s total profit pursuant to 35 U.S.C. § 289.

41. Bathsense's infringement has been, and is, willful, egregious, and in conscious disregard of InterDesign's rights entitling InterDesign to a trebling of damages pursuant to 35 U.S.C. § 284.

42. Bathsense's infringing activities make this an exceptional case entitling InterDesign to the recovery of its reasonable attorneys' fees under 35 U.S.C. § 285 or other applicable law.

43. InterDesign is entitled to a permanent injunction preventing Bathsense from further infringing the '470 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff InterDesign prays for:

A. A judgment that Bathsense has infringed the '816 Patent;

B. A judgment that Bathsense has infringed the '470 Patent;

C. A permanent injunction enjoining Bathsense, its respective officers, directors, agents, and employees and all those in concert or participation with it who receive notice of judgment by personal service or otherwise, from:

(1) making, importing, using, selling, and offering to sell infringing products practicing the '816 Patent and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the '816 Patent, and

(2) making, importing, using, selling, and offering to sell infringing products practicing the '470 Patent and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the '470 Patent;

D. A judgment and order that Bathsense deliver to InterDesign for destruction all house-wares, moldings and production materials, packing and labeling materials, sales literature,

customer literature, and other trade pieces used in the infringement of the ‘816 Patent and ‘470 Patent;

E. An order requiring Bathsense to supply InterDesign with a complete list of entities to whom it has sold or offered for sale Bathsense’s Acrylic Vanity Organizer, Decorative Spa Tower and any other product found to infringe the ‘816 and/or ‘470 Patents;

F. A judgment and order that Bathsense make an accounting to InterDesign and pay over to InterDesign:

(1) the extent of Bathsense’s total profit and revenue realized and derived from its infringement of the ‘816 Patent, and actual damages to InterDesign in an amount not less than a reasonable royalty for InterDesign’s infringement,

(2) the extent of Bathsense’s total profit and revenue realized and derived from its infringement of the ‘470 Patent, and actual damages to InterDesign in an amount not less than a reasonable royalty for InterDesign’s infringement, and

(3) treble damages for Bathsense’s wanton, willful and deliberate infringement of the ‘816 and ‘470 Patents pursuant to 35 U.S.C. § 284;

G. An award of costs of this action together with InterDesign’s reasonable attorneys’ fees for this case being exceptional pursuant to 35 U.S.C. § 285;

H. An award of pre-judgment and post-judgment interest on its damages, as allowed by law; and

I. Such other and further relief as this Court may deem just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff InterDesign hereby demands a trial by jury of all issues so triable.

Dated: October 1, 2018

Respectfully submitted,

*/s/ Georgia Yanchar*
Georgia Yanchar (NY Bar #4199089)
gyanchar@calfee.com
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816

Attorney for InterDesign, Inc.